UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

In re:

ALASKA FUR GALLERY, INC.,

Debtor.

Case No. A09-00196-DMD
Chapter 11

**Filed On 5/21/10**

## MEMORANDUM ON ALTERNATIVE MOTION FOR APPOINTMENT OF A TRUSTEE, APPOINTMENT OF A CREDITOR'S COMMITTEE, OR GRANTING FIRST NATIONAL BANK DERIVATIVE AUTHORITY

First National Bank Alaska ("FNBA") has filed an alternative motion for appointment of a trustee, appointment of a creditor's committee, or authority for it to pursue avoidance claims on behalf of the estate. I do not find the motion meritorious. It will be denied.

The debtor is a family owned business. Five siblings are owners, directors and officers of the business: Manuel Hernandez, Hiram Hernandez, Magdalena Hausinger, Miriam Hernandez-Hodza, and Patricia Di Benedetto. FNBA alleges that certain transfers were made from the debtor to the siblings and two of their spouses that may be recoverable by the estate as fraudulent transfers or preferences. The bank also alleges that transfers to H & H Development, Inc., may be avoidable transfers. Manuel, Magdalena, Miriam and Patricia are the owners, officers and directors of H & H. FNBA also questions certain loan payments the debtor made to Countrywide Bank and Alaska USA Federal Credit Union.

On September 16, 2009, First National sent a letter to the debtor's counsel demanding that the debtor pursue these transfers or provide an explanation for not doing so. The debtor never responded to this request, so the bank brought the instant motion.

As I noted in *Catholic Bishop of Northern Alaska*,[1] the issue of derivative standing has not been definitively addressed by the Ninth Circuit. I concluded that a bankruptcy court could grant derivative standing under certain circumstances, and adopted a test articulated by the Sixth Circuit to determine when it was appropriate to do so:

> [A] creditor or creditor's committee may have derivative standing to initiate an avoidance action where: 1) a demand has been made upon the statutorily authorized party to take action; 2) the demand has been declined; 3) a colorable claim that would benefit the estate if successful exists, based upon a cost-benefit analysis performed by the court, and 4) the inaction is an abuse of discretion ("unjustified") in light of the debtor-in-possession's duties in a Chapter 11 case.[2]

Here, the first and second elements have been satisfied. FNBA has made a demand on the debtor to pursue the avoidance actions, and the debtor has not responded. But FNBA must also show that a colorable claim exists that would, under a cost-benefit analysis, benefit the estate if successful and that the debtor's inaction is unjustified. Neither of these elements are satisfied in this instance.

---

[1] Mem. Regarding Committee's Mot. to Pursue Litigation and Debtor's Mot. to Strike, filed Sept. 11, 2009 (Docket No. 529), in *In re Catholic Bishop of N. Alaska*, Main Case No. F08-00110-DMD, at 2.

[2] *Canadian Pac. Forest Prod. Ltd. v. J.D. Irving, Ltd. (In re the Gibson Group, Inc.),* 66 F.3d 1436, 1446 (6th Cir. 1995).

2

In its motion, FBNA has itemized the transactions which it contends are avoidable. It says the avoidance of these transfers could return between $85,000.00 to $150,000.00 to the estate. The largest transfer is for $73,390.00, which the debtor paid to the bank itself on behalf of H&H Development, Inc. A colorable avoidance claim no longer exists with regard to this transfer because the debtor has been fully reimbursed for it. Deducting this sum from FNBA's higher estimate leaves a balance of $76,610.00 in avoidable transfers. I do not feel FNBA has shown a colorable claim as to certain other transfers, either,[3] but assuming total success in recovering all other claims, and using FNBA's estimated 40% cost for recovery of these transfers, the estate would net about $45,996.00 if the transfers were recovered.

Although the debtor has not indicated that it would pursue any of the transactions that FNBA has singled out, its inaction is not unjustified or an abuse of discretion with regard to its duties as a debtor-in-possession. Under the debtor's second amended plan, the owners are voluntarily contributing $100,000.00 cash to the debtor at confirmation, and Hernandez & Associates, another entity in which the debtor's owners are involved, is contributing real property valued at $364,250.00.[4] Given these voluntary transfers to the debtor, it makes no sense to pursue the owners on technical claims of

---

[3] FNBA also questions loan payments totaling $10,700.00 made by the debtor from January through March of 2009 to Countrywide Bank and Alaska USA Federal Credit Union. FNBA does not know who benefitted from these payments and it has not demonstrated a colorable claim with respect to these transfers.

[4] Debtor's Second Amended Plan of Reorganization, filed Apr. 10, 2010 (Docket No. 195), at 8, Sections 2.2.2 and 2.2.3.

3

preference or fraudulent transfer for relatively small amounts. Granting derivative standing to FNBA on such claims will not materially aid the debtor's reorganization effort or benefit the estate. It would simply create a device for the bank to irritate the owners and discourage their state court lawsuit against it.

FNBA's alternative requests, for an appointment of a trustee or of a creditor's committee to pursue the avoidance actions, lack merit as well. The largest purportedly objectionable transfer has already been recovered by the debtor, in full. A colorable claim has not been shown with regard to other of the remaining transfers. Even assuming success in recovery of some of these transfers, it will not benefit the estate, given that the debtor's owners are voluntarily contributing assets to the plan with a value well in excess of any potential recovery.

For these reasons, FNBA's motion will be denied in its entirety. An order will be entered consistent with this memorandum.

DATED: May 21, 2010.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve: C. Christianson, Esq.
    D. Bundy, Esq.
    R. Clifford, Esq.
    B. Moore, Esq.
    J. Beard, Esq.
    U.S. Trustee
        05/21/10