# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

ALASKA FUR GALLERY, INC.,

Debtor.

Case No. A09-00196-DMD

Chapter 11

**Filed On 12/8/10**

## MEMORANDUM REGARDING ABSTENTION

There are a number of disputes pending between the debtor and First National Bank Alaska both in the main case as well as in adversary proceeding number A10-90001-DMD. The debtor has moved for abstention over those disputes. For the reasons discussed below, I will abstain from hearing or deciding any matters in the adversary proceeding (including the pending Motion to Amend Complaint) and from further consideration of First National Bank Alaska's proofs of claim in the main case until a final judgment is entered in the state court proceeding or upon further order of this court.

The debtor in this case, Alaska Fur Gallery (AFG) has been engaged in a long-running lender liability action against First National Bank Alaska (FNBA) in state court. Among other relief, AFG asks the state court to declare "all fraudulently induced . . . liens" obtained by FNBA void.[1]  FNBA has filed a number of proofs of claim in this bankruptcy case based on the loans at issue in the state court action. One of those proofs of claim is for

---

[1] *Alaska Fur Gallery, Inc., et al. v. First National Bank Alaska*, Case No. 3AN-06-6120 CI, Superior Court for the State of Alaska, Third Judicial District; Second Amended Complaint.

the costs of defending that suit. In the main case, AFG has moved that this court abstain from considering any of those claims due to the pendency of the state court action.[2]

AFG has filed an adversary proceeding against FNBA seeking a judgment limiting the extent of FNBA's personal property liens. Those liens are at issue in the state court action. The adversary proceeding is founded on a novel theory of Alaska law. The same theory has not been advanced in state court. Motions and cross motions for judgment have been filed in the adversary proceeding. AFG has asked this court to abstain from deciding a portion of FNBA's motion for judgment concerning an award of attorney fees to FNBA. That issue is pending in state court. AFG apparently wishes this court to resolve AFG's objections to the claimed extent of FNBA's personal property security interests.

The state court trial is scheduled to start December 8 or 9, 2010.

Background

AFG initiated its civil action against FNBA in Alaska Superior Court in 2006. The Second Amended Complaint alleges that an FNBA loan officer fraudulently induced AFG and others to enter into loan transactions in violation of Alaska securities laws and state common law duties. The case was tried to a jury in 2008 and resulted in a defense verdict. Under Rule 82 of the Alaska Rules of Civil Procedure, a prevailing party is entitled to recover at least some of its attorney fees and costs from the other side. In August 2008,

---

[2] Main Case, Docket No. 233. This Memorandum concerns pending motions in both the main case and adversary proceeding, Case No. A10-90001-DMD. Docket references in the main case and adversary proceeding are distinguished accordingly.

FNBA asked the state court to award it attorney fees based on Rule 82 and on the specific attorney fees provisions contained in its loan documents. The request was not granted because the state court vacated the jury verdict, finding it contrary to the weight of the evidence. A new trial date has been set.

The question of FNBA's entitlement to attorney fees for the state court action has been further complicated by an October 7, 2010 order of the state court. After the initial trial, AFG had asked the state court to enter judgment in its favor because, it claimed, FNBA had committed a fraud upon the court during the trial. The state court declined to make that finding. Its October 7th order, however, was highly critical of FNBA's conduct during the initial trial. It invited the plaintiffs in that trial (including AFG) to apply for the attorney fees they had incurred in the first trial "notwithstanding their success on the merits [in the second trial]." The application is to be made at the end of the second trial. Fairly read, the ruling leaves open the distinct possibility that the state court will find that FNBA is not entitled to any attorney fees for the first trial.

AFG filed its Chapter 11 petition on April 7, 2009. FNBA has filed seven proofs of claim against AFG. In its motion for abstention in the main case,[3] AFG states that matters involved in each of those proofs of claim are the subjects of the state court action. FNBA does not dispute that allegation.

On January 11, 2010 AFG filed an adversary action seeking to determine the

---

[3] Main Case, Docket No. 233

3

extent of liens asserted by FNBA in connection with its proofs of claim. The principle issue involves the efficacy of the personal property "dragnet clauses" in the various FNBA loan documents, an issue of state law. In *Lundgren v. National Bank of Alaska*,[4] the Alaska supreme court materially limited the application of dragnet clauses in the context of real property security interests and antecedent debts. AFG asks the bankruptcy court to extend *Lungren* to personal property security interests and future debts, issues of first impression in Alaska. FNBA opposes any such extension. Apparently AFG has not requested similar relief in the state court action other than to request that all fraudulently induced liens be declared void.

It should be noted that FNBA's motion for judgment in the adversary proceeding (requesting, *inter alia*, state court attorney fees) was filed on February 17, 2010. That places it long after its August 2008 request for fees in state court and the December 2008 order for a new trial, but long before the October 7, 2010 order criticizing FNBA's conduct in the trial.

Discussion

In reviewing the motions to abstain in the adversary proceeding and the main case, this court should first determine whether the disputes underlying the motions are core or non-core proceedings. If a proceeding is non-core, abstention is mandatory under 28

---

[4] 756 P.2d 270 (Alaska 1987).

U.S.C. § 1334(c)(2) if certain conditions are met. If a proceeding is core, abstention is discretionary under 28 U.S.C. § 1334(c)(1).

In the main case, FNBA argues that allowance or disallowance of a claim is a core proceeding. Therefore, FNBA alleges that its request for attorney fees in the state court action as part of its claim in bankruptcy is a core proceeding and not subject to mandatory abstention.

This court recently dealt with the same issue in *In re: Catholic Bishop of Northern Alaska.*[5] There I found:

> While there can be no serious doubt that claims filed in bankruptcy are within the bankruptcy court's core jurisdiction, the filing of a claim does not consolidate it with the pending state law case (into the claim) even though they are based on the same transaction. Both continue to exist, and must be considered, separately.[6]

Consideration of FNBA's proof of claim in the main case is a core matter and abstention is not mandatory. I agree with FNBA that any such abstention is to be considered under the discretionary standard of 28 U.S.C. § 1334(c)(1).

The adversary proceeding also deals explicitly with allowance of FNBA's proofs of claim. Each of the first four causes of action in the complaint is styled as "Objection to Claim No. . . ." The prayer for relief asks this court to find, among other

---

[5] 8 A.B.R. 492 (Bankr. D. Alaska 2008).

[6] 8 A.B.R. at 495 quoting *Benedor Corp. v. Conejo Enter., Inc. (In re Conejo Enter., Inc.)*, 96 F.3d 346, 349 (9th Cir. 1996)).

5

things:

> 1. Claim Nos. 25 and 27 are not secured by other real property besides 317 S. Franklin or any personal property of Alaska Fur Gallery.
> 2. Claim Nos. 21, 24, and 28 are not secured by other real property besides 359 S. Franklin, or any personal property of Alaska Fur Gallery.
> 3. Claim No. 26 is not secured by other real property besides 363 2nd Ave, Skagway, Alaska, or any personal property of Alaska Fur Gallery.
> 4. Claim Nos. 29 and 30 are contingent, unliquidated, unsecured debts.[7]

Claim No. 29 deals with the attorney fee issue under consideration in the state court. AFG argues that this court lacks jurisdiction either to determine the amount of that claim or whether it is secured because it is the subject of a state court action. Somewhat inconsistently, AFG invokes this courts jurisdiction to determine the secured status of FNBA's other claims. Alternately, AFG argues abstention is mandatory. For the reasons stated above, I disagree with both propositions. These are clearly claim issues, and this court has jurisdiction over those issues.

In short, both the adversary proceeding and matters in the main case regarding allowance of attorney fees in the state court action are core claims proceedings over which the court has jurisdiction and which are not subject to mandatory abstention. Whether the court should, in its discretion, exercise that jurisdiction at this time is another question.

28 U.S.C. § 1334(c)(1) provides:

---

[7]Adversary Case, Docket No. 1.

6

> (c)(1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

The Ninth Circuit has endorsed the factors set forth in *In re Republic Reader's Service, Inc.*,[8] for determining when permissive abstention is appropriate.[9] These factors are:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the

---

[8] 81 B.R. 422, 429 (Bankr. S.D. Tex. 1987).

[9] *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1167 (9th Cir. 1990).

7

proceeding of nondebtor parties.[10]

Application of the factors here supports permissive abstention. I will address each of the factors in numerical order.

(1) If abstention is recommended, the effect on administration of this estate will be beneficial. The state court trial is imminent or ongoing and resolution should be prompt. (2) State law issues predominate in both the adversary case and the main case issues. In fact, there are no bankruptcy issues to be determined regarding the subjects of these motions. (3) Applicable state law regarding the extent of FBNA's lien on personal property is unsettled and difficult. Additionally the issue may not need to be determined by this court in the event of a plaintiff's verdict in state court.

(4) There is an ongoing or imminent trial in the state court. (5) There is no basis for jurisdiction other than 28 U.S.C. § 1334. But for the debtor's bankruptcy filing, there would be no basis for federal jurisdiction. (6) The proceedings are closely related to the debtor's reorganization efforts and will determine whether AFG owes a significant secured obligation to FNBA or not. FNBA is the debtor's dominant creditor. (7) The substance of the core proceedings are state law claims. (8) Because the substance of the core proceedings are state law claims, it is feasible that they be tried in state court. Because FNBA's claim for attorney fees is tightly bound with its conduct in the state court, it is feasible but highly inefficient for that matter to be heard by the bankruptcy court.

---

[10]*Id.,* citing *Republic Reader's Service*, 81 B.R. at 429.

Additionally any ruling on FNBA's attorney fees request by this court raises the substantial possibility of an inconsistent result in the state court. The state court is uniquely positioned to resolve the attorney fee issue.

(9) The burden on the bankruptcy court's docket is not a significant factor if the disputes involve only the legal issues brought up by the parties. The state court case itself involves a lengthy trial, but the parties have not proposed trying that matter before the bankruptcy court. On the other hand, the attorney fee issue would likely require a factual hearing and factual determination by the bankruptcy court. That would not be necessary in state court.

(10) It is highly likely that FNBA is forum shopping regarding its claim for attorney fees. At the time its motion for judgment was filed, FNBA had a long pending motion for attorney fees before the state court. The state court had ordered a new trial because the verdict in the first trial was against the weight of the evidence. Those circumstances did not bode well for FNBA's state court application. Indeed FNBA might no longer have been considered a prevailing party by the state court. FNBA did not advise the bankruptcy court of those circumstances. (This court is not aware of any facts indicating that at the time its motion was filed here, FNBA was on notice of the issues discussed in the state court order of October 7.) It is also likely that AFG is forum shopping regarding the extent of FNBA's personal property lien, since that is a matter arising out of the same transaction as the state court suit and is within the ambit of the relief requested there, but the issue has not, to this court's knowledge, been brought before the state court. (11) There is

9

a jury trial scheduled in the state court. (12) There are two co-plaintiffs in the state court action. One co-plaintiff is a debtor in another bankruptcy proceeding before this court.

Weighing all of the above factors, I conclude that the interests of justice and comity with state courts will be served by abstention. Abstention will promote sound judicial administration including conservation of judicial resources and the avoidance of piecemeal litigation. The adversary proceeding will be stayed pending final judgment in the state court or further order of this court. The stay encompasses all matters in the adversary proceeding including FNBA's motion for judgment, AFG's cross motion for summary judgment, and AFG's motion to amend complaint. In the main case, the court will abstain from hearing matters pertaining to FNBA's proofs of claim pending final judgment in the state court or further order of this court.

Orders will be entered in the main case and adversary proceeding consistent with this memorandum.

DATED: December 8, 2010.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:    C. Christianson, Esq.
B. Moore, Esq.
R. Clifford, Esq.
L. Compton, Trustee
U.S. Trustee              12/08/10

10