## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

In re:

ALASKA FUR GALLERY, INC.,

Debtor.

Case No. A09-00196-DMD
Chapter 11

<div style="border:2px solid red;">
**Filed On
7/22/11**
</div>

### MEMORANDUM ON EDC's REQUEST FOR ADMINISTRATIVE EXPENSE

Export Development Canada's ("EDC's") request for allowance of administrative expense priority has come before this court for hearing on numerous occasions since it was filed on January 11, 2011.[2]  The continuances were made at the request of the debtor and EDC so that the parties could explore settlement.  Their efforts ultimately bore fruit, and no further hearings are needed.

EDC seeks to recoup a portion of the attorneys fees it has incurred in this case, in the sum of $30,000.00.  Although EDC seeks administrative priority, it has agreed that its fees will be paid as a class U-2 claim receiving Option B treatment under the debtor's modified sixth amended plan of reorganization.[3]  EDC was initially appointed to a creditor's committee.  Although the committee disbanded, EDC continued to play an active and constructive role in this case.  It negotiated with the debtor for better treatment of unsecured creditors' claims, ultimately leading to the two options found in the debtor's modified sixth amended plan. EDC's counsel participated in numerous hearings on the multiple disclosure

---

[2] EDC's Request for Allowance of Administrative Expense Priority Claim, filed Jan. 11, 2011 (Docket No. 309).

[3] Debtor's Modified Sixth Amended Plan of Reorganization, filed Jul, 18, 2011 (Docket No. 381).

statements and plans presented by the debtor. EDC also assisted in the amendments ultimately leading to confirmation of a viable plan. Effectively, EDC has been a de facto unsecured creditor's committee, leading to better treatment for all unsecured creditors in these lengthy, protracted and highly contested proceedings.

First National Bank Alaska ("FNBA") opposes EDC's motion. FNBA maintains that the debtor's principals owe the debtor $1.6 million and any capital contributions are illusory under such circumstances. I respectfully disagree with the bank's characterizations. FNBA also contends EDC didn't play a role in obtaining cash contributions from the debtor's principals. But at the very least, EDC's objections to old disclosure statements persuaded the principals to increase their contributions.[4] FNBA objects to the proposed transfer of H&A property to the debtor for distribution to unsecured creditors. That version of the plan has been scuttled, however, to FNBA's benefit. The bank also objects on cash collateral grounds but, as I noted in my prior memorandum of April 29, 2011, it is adequately protected. Further, given the most recent testimony regarding the significant appreciation of the debtor's real property, FNBA remains adequately protected.

I find none of FNBA's arguments persuasive. EDC had a direct, significant and demonstrable effect on the estate. The services it has provided have benefitted the estate and unsecured creditors. The debtor's principals are making, and have made, capital

---

[4] *See, e.g.,* EDC's Opp'n to Debtor's Second Amended Discl. Statement, filed May 4, 2010 (Docket No. 208). The principals' cash contributions increased from $100,000.00 to $140,000.00.

contributions to the debtor.  The debtor is liquidating real property for the benefit of the

unsecured creditors.  EDCs' services were not duplicative of services performed by others.

I conclude EDC has made a substantial contribution to the case in accordance

with 11 U.S.C. § 503(b)(3)(D).  Its request for allowance of administrative expense will be

granted.  An order will be entered accordingly.

DATED:  July 21, 2011.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:        C. Christianson, Esq.
              B. Moore, Esq.
              D. Bundy, Esq.
              R. Clifford, Esq.
              J. Beard, Esq.
              U. S. Trustee

07/22/11